IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | No. 21-2123 |
| Plaintiff, | |
| v. | Judge |
| GLOBAL OCCUPATIONAL SAFETY AND HEALTH ACADEMY, LLC, | |
| Defendant. | |

## COMPLAINT

Now comes plaintiff, the United States of America (United States), and for its complaint against defendant, Global Occupational Safety and Health Academy, LLC (Global OSHA) alleges as follows:

## NATURE OF THE ACTION

1. The United States seeks injunctive relief based on defendant's violations of the Lanham Act and, in particular, its unauthorized use of the registered trademarks, names, logo, trade dress, and other materials of United States Department of Labor's Occupational Safety and Health Administration (OSHA). The United States further seeks a determination that, if Global OSHA's pending trademark application obtains registration, Global OSHA has no right to such registration and that it be cancelled. The United States further seeks Global OSHA's profits, any damages incurred by OSHA, and the costs of the action, including its reasonable attorney fees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4. Plaintiff, the United States of America, is acting on behalf of the Department of Labor, OSHA.

5. Upon information and belief, defendant, Global OSHA, is a corporation organized under the laws of Illinois with a principal place of business located at 1900 E. Golf Road, Suite 950, Schaumburg, Illinois 60173.

## OSHA AND ITS TRADEMARKS

6. The names "Occupational Safety and Health Administration" and "OSHA" have been uniquely associated with the United States Department of Labor since the 1970s, established under the Occupational Safety and Health Act. *See generally* 29 U.S.C §§ 651-78.

7. Over the last 50 years OSHA has dramatically improved workplace safety and health. Fatality and injury rates have dropped significantly. Although accurate statistics were not kept at the time, it is estimated that in 1970 around 14,000 workers were killed on the job. That number fell to approximately 5,333 in 2019. Over the same period, U.S. employment has almost doubled and now includes over 150 million workers. Since the passage of the Occupational Safety and Health Act, the rate of reported serious workplace injuries and illnesses has declined from 11 per 100 workers in 1972 to 3.5 per 100 workers in 2019. OSHA safety and health standards, including those for trenching, machine guarding, asbestos, benzene, lead, and bloodborne pathogens have prevented countless work-related injuries, illnesses, and deaths.

8. OSHA is a recognized national authority on occupational safety and health issues. OSHA's success is a result of its enforcement efforts along with its outreach, compliance assistance, and voluntary training programs. In 1971, OSHA initiated the Outreach Training

Program, a voluntary program that trains workers in the identification and control of workplace hazards through 10- and 30-hour training courses. This program trains over one million workers annually. The training addresses hazards workers may encounter at their jobsite and emphasizes hazard identification, avoidance, control, and prevention. OSHA's Outreach Training Program has become the recognized "standard" of worker hazard awareness training. Numerous employers and labor organizations provide this training to their workers and members to enhance their knowledge of workplace hazards and control. Additionally, at least ten states and municipalities have established laws or regulations requiring workers to complete the OSHA Outreach Training 10-hour course before entering and working on a job site.

9. Also in 1971, OSHA established the OSHA Training Institute (OTI). During the 1980s, the number of requests for training from private sector and other federal agency personnel increased substantially and the demand eventually exceeded the OTI's capacity. In 1992, to address the increased demand for high quality training, OSHA created the OTI Education Center Program to expand OTI course delivery to employers and workers covering an array of occupational safety and health topics and issues. The OTI Education Center Program started with four institutions. Over the past 25 years, OSHA's OTI Education Center Program has grown to 26 centers consisting of 37 member organizations nationwide, with at least one operating in every OSHA regional jurisdiction. In Fiscal Year (FY) 2019, a record number of over 60,000 students were trained through OSHA's OTI Education Center Program.

10. In 1978, OSHA established its discretionary training grant program that evolved into the nationwide Susan Harwood Training Grant Program in 1997. OSHA annually awards over $10 million in occupational safety and health training grants to non-profit organizations to train hard-to-reach and at-risk workers in high-hazard jobs and industries. Training materials

developed and funded by these grants are posted to OSHA's public website for use by employers, worker advocacy groups, labor organizations, and workers.

11. OSHA is also internationally recognized as a leading authority in occupational safety and health. At the request of other government and international organizations, OSHA has provided information and training to foster and advance occupational safety and health worldwide. In conjunction with the Department of Labor's Bureau of International Labor Affairs, OSHA has provided delegates from international governmental agencies and organizations information on OSHA's enforcement and compliance assistance efforts. This information supported the establishment of occupational safety and health enforcement and training programs for government inspectors and citizens. Such international cooperation included meetings with South Korea, Jamaica, and Indonesia delegations. OSHA also provided occupational safety and health training to international government representatives, including a multi-week training program for Iraq's and India's occupational safety and health inspectors. In 2018, the Institution of Occupational Safety and Health (IOSH), based in the United Kingdom, invited OSHA to speak at their Caribbean Safety and Health Conference in Trinidad. OSHA attended the conference and provided a presentation on OSHA's Outreach Training Program and how other governments can develop and implement a similar national occupational safety and health hazard awareness training program for their citizens.

12. OSHA's global cooperation extends into its enforcement and standards setting initiatives. OSHA promulgated a revision to its Hazard Communication Standards to align it with the United Nations' Global Harmonized System of Classification and Labeling of Chemicals. This aligns the United States' chemical labeling hazard information systems with other international jurisdictions to provide a common and coherent approach to classifying

chemicals and communicating hazard information on labels and safety data sheets. This revision also helps reduce trade barriers and results in productivity improvements for American businesses that regularly handle, store, and use hazardous chemicals while providing cost savings for American businesses that periodically update safety data sheets and labels for chemicals covered under the hazard communication standard.

13. OSHA is recognized as a national and international authority on occupational safety and health. OSHA's public website was visited over 48 million times in FY 2020 with over 123 million pages viewed. Additionally in FY 2020, OSHA videos on YouTube received over 1.1 million views. In March 2021, OSHA's Twitter account had a following of over 25,000.

14. As a result of the extensive use by OSHA of the names "Occupational Safety and Health Administration," "OSHA," and its distinctive logo, as well as media attention and publicity, the names and logo have acquired incalculable fame, goodwill and value, and are recognized throughout the United States as being uniquely and unmistakably associated with the Department of Labor and OSHA.

15. OSHA is the owner of federal trademark registrations covering services provided to the public in the field of health and safety, namely, OSHA (Reg. No. 3305165) and OSHA Training Institute Education Centers (Reg. No. 5356959) (OSHA Trademarks). True and correct copies of Registration Nos. 3305165 and 5356959 have been attached to this Complaint as Exhibits A & B.

16. The OSHA Trademarks incorporate a distinct stylized version of the term "OSHA."

17. The services associated with the OSHA Trademarks are "providing health information to employers," "providing safety information to employers; investigation services related to the enforcement of health and safety standards in the workplace" and "training services, namely, providing occupational safety and health training to public and private sector workers, supervisors, and employers." *See* Ex. A, Ex. B.

18. OSHA's continuous use of OSHA (Reg. No. 3305165), since 2002, and OSHA Training Institute Education Centers (Reg. No. 5356959), since 2013, have afforded the marks "incontestable" status, a designation established in the Lanham Act and bestowed by the United States Patent and Trademark Office (USPTO). *See* 15 U.S.C. § 1065.

19. As a result, OSHA's registrations constitute conclusive evidence of: the validity of the registered marks, the validity of the registrations, OSHA's ownership of the marks, and OSHA's exclusive right to use the registered marks in commerce. *See* 15 U.S.C. § 1115(b).

**DEFENDANT'S WRONGFUL CONDUCT**

20. Global OSHA identifies itself with its name, acronym, and abbreviation that is confusingly similar to the official OSHA designation.

21. Global OSHA's logo is a stylized version of the term "OSHA" and shares similar design elements with OSHA's trademark. A true and correct copy of Global OSHA's trademark application has been attached to this Complaint as Exhibit C.

22. The use of OSHA in Global OSHA's name falsely implies sponsorship by, and association with the Department of Labor, OSHA.

23. Global OSHA's trademark application identifies its services as "consulting in the field of workplace safety." *See id.* Global OSHA's services are similar to services provided by OSHA.

6

24. Global OSHA's use of a similar logo and representation of similar services to that of OSHA causes a likelihood of confusion as to the source of the services. As evidenced by Exhibit D, actual confusion has occurred.

25. On December 10, 2018, the USPTO initially refused Global OSHA's application for federal trademark registration of the Global OSHA logo. The USPTO initially refused to register Global OSHA's logo because it concluded that the logo falsely suggested a connection with the United States Government. *See* 15 U.S.C. § 1052(a). A true and correct copy of the USPTO's non-final determination has been attached to this Complaint as Exhibit E.

26. On December 20, 2018, OSHA sent a Cease and Desist Letter to Global OSHA. A true and correct copy of OSHA's Cease and Desist Letter has been attached to this Complaint as Exhibit F.

27. On May 30, 2019, OSHA sent a Second Cease and Desist Letter to Global OSHA. A true and correct copy of OSHA's Second Cease and Desist Letter has been attached to this Complaint as Exhibit G.

28. On June 19, 2019, the USPTO issued its final refusal of Global OSHA's application for federal trademark registration of the Global OSHA logo. The USPTO refused to register Global OSHA's logo because it concluded that the logo falsely suggested a connection with the United States Government. *See* 15 U.S.C. § 1052(a). A true and correct copy of the USPTO's final determination has been attached to this Complaint as Exhibit H.

29. On December 19, 2019, Global OSHA appealed the USPTO's decision to the Trademark Trial and Appeal Board (TTAB).

30. On December 8, 2020, the TTAB issued its ruling and reversed the examiner's determination. A true and correct copy of the TTAB's decision has been attached to this Complaint as Exhibit I.

31. The TTAB found that Global OSHA is not connected with OSHA. *See* Ex. I at 5.

32. Global OSHA is not connected with OSHA.

33. The TTAB found that when OSHA is used as part of the Global OSHA mark, in connection with Global OSHA's services, "prospective purchasers would presume a connection" between Global OSHA and OSHA. *Id.* at 6.

34. A connection between Global OSHA and OSHA would be presumed by consumers.

35. The TTAB found that the Global OSHA logo "is a close approximation of" OSHA. *Id.* at 7.

36. The Global OSHA logo is the same as, or a close approximation of OSHA.

37. The TTAB held that on the limited record before it, given "large number of third-party registrations [descriptively] using the term 'OSHA'" the Global OSHA logo did not uniquely and unmistakably point to OSHA. *Id.* at 15.

38. However, the Global OSHA logo does uniquely and unmistakably point to OSHA.

39. On March 30, 2021, Global OSHA's trademark was published for opposition in the Trademark Official Gazette.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement of Registered Marks

40. Plaintiff re-alleges and incorporates the allegations stated in Paragraphs 1-39 above.

41. Plaintiff is the owner of registered trademarks, Reg. No. 3305165 and Reg. No. 5356959.

42. Global OSHA's intentional unauthorized use of a confusingly similar designation and trade dress is likely to cause confusion, or to cause mistake, or to deceive the public to the public's damage and to the damage of OSHA. Global OSHA's use of OSHA's registered marks and trade dress in interstate commerce in connection with the promotion of Global OSHA's services, without the consent of OSHA, constitutes trademark infringement of OSHA's registered marks in accordance with 15 U.S.C. § 1114(1)(a).

## SECOND CLAIM FOR RELIEF
### Common Law Trademark Infringement

43. Plaintiff re-alleges and incorporates the allegations stated in Paragraphs 1-42 above.

44. Global OSHA's intentional unauthorized use of a confusingly similar designation and trade dress is likely to cause confusion, or to cause mistake, or to deceive the public to the public's damage and to the damage of OSHA. Global OSHA's use of OSHA's mark and trade dress in interstate commerce in connection with the promotion of Global OSHA's services, without the consent of OSHA, constitutes infringement of OSHA's preexisting rights acquired in good faith at common law in accordance with 15 U.S.C. § 1125(a)(1)(A).

45. Global OSHA's use of OSHA's marks and trade dress is willful and in deliberate and conscious disregard of OSHA's rights in and to OSHA's marks and trade dress. Global OSHA's acts of common law trademark infringement have caused irreparable injury to OSHA and will result in further irreparable injury to OSHA unless Global OSHA is restrained by this Court from further violations of OSHA's rights. The United States therefore asks this Court to enjoin Global OSHA from its acts of common law trademark infringement.

## THIRD CLAIM FOR RELIEF
### Dilution in Violation of Federal Anti-Dilution Statue

46. Plaintiff re-alleges and incorporates the allegations stated in Paragraphs 1-45 above.

47. The OSHA mark is strong and distinctive, and has long been used in connection with the services provided by the Department of Labor, OSHA.

48. The OSHA mark is recognized by the public as a designation of source for the services of OSHA and is therefore a famous mark.

49. The incorporation of Global OSHA commenced after the OSHA mark achieved "incontestable" status.

50. Global OSHA has made use of "Global OSHA" as a mark in connection with its services in interstate commerce. Global OSHA's use of "Global OSHA" as a mark creates a likelihood of association with the Department of Labor, OSHA due to its similarity. Global OSHA's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(c) in that they are likely to cause dilution by tarnishment, thereby harming the reputation of OSHA's famous mark "OSHA," and causing irreparable injury and damage to OSHA.

51. Global OSHA intended to create an association with OSHA's famous mark and to trade on the recognition of OSHA's famous mark.

### PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment in its favor and grant the following relief:

A. An injunction enjoining Global OSHA and its officers, directors, employees, subsidiaries, affiliates, agencies, and/or instrumentalities from using any mark, trade name or source identifier, which is confusingly similar to "OSHA" and variations thereof;

  B. An injunction enjoining Global OSHA and its officers, directors, employees, subsidiaries, affiliates, agencies, and/or instrumentalities from using any mark, trade name or source identifier, which is confusingly similar to "OSHA Training Institute Education Centers" and variations thereof;

  C. An injunction enjoining Global OSHA and its officers, directors, employees, subsidiaries, affiliates, agencies, and/or instrumentalities from pursuing federal registration of any mark, trade name or source identifier, which is confusingly similar to "OSHA" and variations thereof;

  D. That all products, brochures, advertisements, and promotional materials in possession of Global OSHA bearing the OSHA name, or any word, term, name, symbol, device, combination thereof, designation, description, or representation that is found in violation of the Lanham Act, shall be delivered up by the defendant and destroyed;

  E. That pursuant to 15 U.S.C. § 1116, defendant file and serve a report under oath within thirty (30) days of the issuance of injunctive relief indicating the manner in which it has complied with any injunctive relief ordered by the Court;

  F. That, if Global OSHA's pending trademark application obtains registration, the Court issue an order pursuant to 15 U.S.C. § 1119 canceling such registration;

  G. That the United States be awarded Global OSHA's profits.

  H. That the United States be awarded any damages resulting from the infringement.

  I. That the United States be awarded its costs, including reasonable attorney fees in prosecuting this action; and

  J. Any such other and further relief that the Court deems proper and just.

|  |  |
|---|---|
|  | Respectfully submitted: |
|  | JOHN R. LAUSCH, JR.<br>United States Attorney for the<br>Northern District of Illinois |
|  | BRIAN BOYNTON<br>Acting Assistant Attorney General |
| Of Counsel:<br>SCOTT D. BOLDEN<br>Deputy Director | GARY L. HAUSKEN<br>Director |
|  | s/ Jenna Munnelly<br>JENNA MUNNELLY<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Washington, DC 20530<br>Email: jenna.e.munnelly@usdoj.gov<br>Telephone: (202) 616-1061<br>Facsimile: (202) 307-0345 |
| Dated: April 20, 2021 |  |